## FORTY-SECOND ST., M. & ST. N. AVE. RY. CO. v. HANNON.

(Circuit Court of Appeals, Second Circuit.    March 10, 1898.)

No. 100.

TRIAL—SUFFICIENCY OF CHARGE—INTERESTED WITNESS.

Where the testimony of the plaintiff had been expressly contradicted, the court charged that plaintiff was an interested witness, and that the jury were to consider her interest, and "weigh her testimony in view of that fact, and in view of all the other evidence in the case, just as you would the testimony of any witness in- the case, only as she may have a greater interest." *Held*, that it was proper to refuse a further charge that the jury were "not bound to believe the testimony of the plaintiff, even though it were not contradicted or impeached."

In Error to the Circuit Court of the United States for the Southern District of New York.

This was an action at law by Catherine Hannon against the Forty-Second Street, Manhattanville & St. Nicholas Avenue Railway Company to recover damages for personal injuries.    In the circuit court judgment was rendered for the plaintiff, and the defendant sued out this writ of error.

Nathan Ohtinger, for plaintiff in error.

John M. Gardner, for defendant in error.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM.    We find no error calling for a reversal of the judgment in this case.    The amendment to the complaint introducing an additional element of damages for money expended was foreshadowed in the bill of particulars, and its allowance was within the discretion of the trial judge.    The charge was concrete, rather than general.    It instructed the jury upon the specific facts in proof, and correctly informed them as to the propositions of law arising upon those facts.    That being so, the court was under no obligation to charge in general terms, as requested by defendant.    As to the request to charge specifically that the jury "are not bound to believe the testimony of the plaintiff, even though it were not contradicted or impeached," it is sufficient to say that the situation presented by the evidence in this cause did not call for such explicit instructions, although, of course, there would have been no error in giving them. They are usually given where the only testimony in support of some material fact is that of the interested witness, and there is no evidence controverting it; and there is some risk of the jury assuming that they must find according to the uncontradicted evidence.    In the case at bar, however, the plaintiff was expressly contradicted by the conductor, himself an interested witness; and the court charged that plaintiff was an interested witness, that the circumstance that she was interested did not prevent their believing what she said if they did believe it, but that they were to consider her interests, and "weigh her testimony in view of that fact, and in view of all the other evidence in the case, just as you would the testimony of any witness in the case, only as she may have a greater interest."    This was sufficient

upon the record in this case. There was no material error in the admission or rejection of evidence. The judgment of the circuit court is affirmed.